IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Kyle Tooke, #306816 | Civil Action No.8:09-1431-MBS-BHH |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Jon Ozmint, et. al., | |
| Defendants. | |

The Plaintiff, a state prisoner proceeding pro se, brought this action pursuant to 42 U.S.C. § 1983. This matter is before the court on the Plaintiff's Motion for a Preliminary Injunction. (Dkt. # 31.) The Defendants object to the Plaintiff's motion. (Dkt. # 35.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

It is undisputed that the on March 1, 2008, the Plaintiff was charged with the assault on an officer and with the threat of assault on another officer. The Plaintiff was found guilty on both counts and sanctioned with 360 days of disciplinary detention for the assault and another 180 days of disciplinary detention for the threat. In this § 1983 action, the Plaintiff is challenging these disciplinary convictions. In his motion for a preliminary injunction, the Plaintiff is seeking to be transferred out of the Special Management Unit ("SMU"). (Pl.'s Mem. Supp. Mot. for Injunctive Relief at 1.) He contends that he has fully served his time in SMU.

The Defendants do not dispute that the Plaintiff has served his time in the SMU. However, the Defendants have submitted an affidavit from Lieutenant Roger Stewart, the Lieutenant Supervisor over the SMU at Lieber Correctional Institution, who states that the Plaintiff is awaiting transfer to another institution and as a security measure for both the South Carolina Department of Corrections staff and inmates, the Plaintiff has remained in SMU pending his transfer. (Defs.' Mem. Opp. Mot. Ex. A - Stewart Aff.)

Generally, in order to be granted a preliminary injunction, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Defense Council, Inc.*, ___ U.S. ___, 129 S.Ct. 365, 374 (2008).

To justify an injunction before trial on the merits, it is incumbent upon the plaintiff to make a clear showing that he is likely to suffer irreparable harm in the absence of the preliminary injunction. *Id.* at 374-76. This the Plaintiff has not done. In his motion, the Plaintiff does not set forth any alleged irreparable harm. Further, the Plaintiff does not show that the equities tip in his favor or that an injunction is in the public interest.

Moreover, functions of prison management must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. *Gaston v. Taylor,* 946 F.2d 340, 343 (4th Cir. 1991). Courts should grant preliminary injunctive relief involving the management of prisons only under exceptional and compelling circumstances. *Taylor v. Freeman,* 34 F.3d 266, 269 (4th Cir. 1994). Without a showing that the Plaintiff will suffer imminent, irreparable harm, the court should not grant the Plaintiff's motion.

## **CONCLUSION**

Wherefore, based on the foregoing, it is RECOMMENDED that the Plaintiff's Motion for a Preliminary Injunction (Dkt. # 31) be DENIED.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

October 27, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).