IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kyle Tooke, #306816, aka Kyle Douglass Tooke, | )<br>) |
| Plaintiff, | ) C/A No. 8:09-1431-MBS<br>) |
| v. | ) **ORDER AND OPINION**<br>) |
| John Ozmint, Director of SCDC;<br>McKither Bodison, Warden Lieber CI;<br>Aaron Beach, Investigator, Lieber CI;<br>James Blackwell, Capt., DHO, Lieber CI;<br>Karl Von Mutius, Sgt., Lieber CI;<br>Officer James Washington, Shift BI, Lieber CI<br>Betty Dean Thomas, Counsel Substitute,<br>Lieber CI; individually and in their official<br>capacity, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

This matter is before the court on Plaintiff's motion for a preliminary injunction, filed on October 5, 2009. Defendants filed a response in opposition to Plaintiff's motion on October 23, 2009. For the reasons set forth below, the court **denies** Plaintiff's motion.

I. **BACKGROUND**

Plaintiff Kyle Tooke ("Plaintiff") is a pro se inmate currently incarcerated at Lieber Correctional Institution ("Lieber"). Following a disciplinary hearing before Defendant Officer Blackwell, Plaintiff was ordered to serve 540 days of disciplinary detention in Lieber's Special Management Unit ("SMU") after he was found guilty of violently assaulting Defendant Officer Von Mutius and threatening Defendant Officer Washington. Plaintiff seeks a preliminary injunction enjoining Defendants from continuing to house him in SMU because his 540 day sentence has

1

expired. Plaintiff also seeks a court order requiring that Defendants return him to the general population at Lieber or another correctional institution.

II. **DISCUSSION**

The Fourth Circuit has replaced the "hardship balancing test" for preliminary injunctions with the test outlined by the Supreme Court in Winter v. Natural Resources Defense Council, Inc., – U.S. –, 129 S.Ct. 365, 374-76, 172 L.E.2d 249 (2008). See Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 347 (4th Cir. 2009) ("the standard articulated in *Winter* governs the issuance of preliminary injunctions not only in the Fourth Circuit but in all federal courts."). Under the Winter test, the plaintiff must make a "clear showing" (1) that he is likely to succeed on the merits;[1] (2) that he is likely to suffer irreparable harm in absence of injunctive relief;[2] (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest.[3] Real Truth, 575 F.3d at 346 (citing Winter, 129 S.Ct. at 374). The Winter test requires all four requirements to be "satisfied as articulated." Id. at 347. This means that there is no longer a "flexible interplay" among the factors. Id. Therefore, the plaintiff carries a "heavy burden" when seeking a preliminary injunction. Id. at 349.

---

[1] "The *Winter* requirement that the plaintiff clearly demonstrate that it will *likely succeed* on the merits is far stricter than the *Blackwelder* requirement that the plaintiff demonstrate only a grave or serious *question* for litigation." Real Truth, 575 F.3d at 346-47.

[2] Under Winter, there is no balancing of hardships. "*Blackwelder*, on the other hand, requires that the court *balance* the irreparable harm to the respective parties, requiring only that the harm to the Plaintiff outweigh the harm to the defendant." Id. at 347.

[3] The Supreme Court in Winter heavily emphasized the public interest factor stating "[i]n exercising their sound discretion, courts of equity should pay *particular regard* for the public consequences in employing the extraordinary remedy of injunction." Id.

2

In its motion for a preliminary injunction, Plaintiff argues that "the conditions here at Lieber on (SMU) create an atypical and significant hardship compared to everyday prison living," and that he is "being subject to these conditions which no longer should apply to [him], being [his] time on (SMU) has been completed." Entry 31. Plaintiff further argues that he is "being subject to the continuous conditions of hardship in an attempt to retaliate against [his] redress of grievances which is guaranteed by the first amendment of the United States Constitution." Id. In Plaintiff's view, "[t]his is a serious issue because while on (SMU) inmates are not allowed the same privileges as inmates in Gen. Pop." Id. In Plaintiff's response to Defendants' answer, Plaintiff adds that he "has experienced a lapse in mental health since his time on SMU was completed and acted out because of an overwhelming and uncontrollable abundance of stress and frustration." Entry 39. Plaintiff also adds that he is "on mental health psych. medicine to assist in poor impulse control, anger management, and hyperactive behavior, and the added stress and constant frustration adds to condition and further aggravates them to the point of regression into childlike uncontrollable tendencies to act out against who I feel has caused the oppression." Id.

In their response in opposition to Plaintiff's motion, Defendants argue that the motion for a preliminary injunction should be denied for several reasons. First, Defendants argue that Plaintiff "has not provided this Court with proof that he will suffer immediate and irreparable harm if he is not removed from SMU and placed in general population." Entry 35, 3. Next, Defendants argue that because "[p]laintiff has already been proven to be violent towards SCDC staff members, the safety and security offered to both staff and inmates in SMU as opposed to general population would be compromised if the requested relief were granted." Id. Defendants contend that "the public interest lies in the denial of the requested relief." In support of this contention, Defendants attached

the affidavit of Lieutenant Roger Steward, Lieutenant Supervisor of SMU, stating that "Plaintiff remains in SMU awaiting transfer to another institution as a security measure for both SCDC staff and inmates."[4] Entry 35-2.

Under the Winter test, Plaintiff's motion for a preliminary injunction must be denied. First, Plaintiff has not shown that he is likely to succeed on the merits. Plaintiff argues that he should be removed from SMU because his disciplinary detention period has expired. He further argues that his name is not on the transfer list. However, the affidavit of Lieutenant Steward provides that Plaintiff remains in SMU as a security measure while he is awaiting transfer to another institution. The functions of prison management are generally left to the broad discretion of prison administrators to enable them to manage prison safely and effectively. See Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). As such, Plaintiff is not likely to succeed in showing that he is being improperly detained in SMU.

Second, Plaintiff has not shown that he is likely to suffer irreparable harm if his motion is not granted. Rather, Plaintiff has only argued that he is being denied privileges in SMU that he would otherwise enjoy as an inmate in the general population, and that he suffers from stress and anxiety because of his prolonged detention in SMU. Finally, Plaintiff has not shown that the balance of equities tip in his favor, or that the injunction is in the public interest. On the contrary, because Plaintiff has a history of violence, granting the injunction could put the officers and inmates at Lieber, and the public in danger. This conclusion is further supported by Plaintiff's admission that the stress and frustration he suffers as an inmate in SMU aggravates his mental health conditions "to

---

[4] Plaintiff states in his response to Defendants' answer that "the status of his transfer was nonexistent as of October 22, 2009," and that he was told by two prison officials that his name was not on the transfer list. Entry 39, 3.

the point of regression into childlike uncontrollable tendencies to act out against who [he] feels has caused the oppression." Entry 39, 2.

### III.  CONCLUSION

For the reasons stated within, Plaintiff's motion for preliminary injunction (Entry 31) is **denied**.

**IT IS ORDERED.**

s/Margaret B. Seymour<br>United States District Judge

December 16, 2009
Columbia, South Carolina